Robert Fish (SBN: 149711) rfish@fishiplaw.com
Mei Tsang (SBN: 237959) mtsang@fishiplaw.com
Andrew Mar (SBN: 251587) amar@fishiplaw.com
Fish & Associates, PC
2603 Main Street, Suite 1000
Irvine, California 92614-4271
Telephone: 949-943-8300
Facsimile: 949-943-8358

Attorneys for Plaintiff and Counter-Defendant Cyberiansoft and Cross-Defendant Paul Maximov

Brian M. Ledger (SBN: 156942) bledger@gordonrees.com
Ana Cláudia Guedes (SBN: 244386) aguedes@gordonrees.com
Gordon & Rees, LLP
101 W. Broadway, Suite 1600
San Diego, California 92101
Telephone: 619-696-6700
Facsimile: 619-696-7124

Attorneys for Defendant and Cross-Complainant The M.M. Primas Group, Inc.

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

CYBERIANSOFT
Plaintiff,

v.

THE M.M. PRIMAS GROUP, INC., AND DOES 1 THROUGH 20 INCLUSIVE,
Defendants.

THE M.M. PRIMAS GROUP, INC.
Counter-Complainant,

v.

CYBERIANSOFT, PAUL MAXIMOV, AND DOES 1 THROUGH 20 INCLUSIVE,
Counter-Defendants.

**Case No.:** 8:08-cv-01019-JVS (MLGx)

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

Honorable James V. Selna

## STATEMENT OF GOOD CAUSE

Discovery and trial of this case may involve the exchange of confidential information. Such information may include secret business strategies and financial data that is not available to the public. The parties agree that the disclosure of such sensitive information to the public may be detrimental to their respective commercial interests. Therefore, the parties have agreed to enter into this Protective Order.

## PROTECTIVE ORDER

WHEREAS, in connection with the above-captioned matter, certain information, documents and things containing trade secrets and other confidential business information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure may be disclosed by the parties and/or nonparties voluntarily and/or in response to discovery demands;

WHEREAS, it would serve the interests of the parties to conduct discovery relating to this proceeding under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the parties have agreed to be bound by the terms of this Stipulation and to present the same for entry as an Order of the Court; and

WHEREAS, the parties agree that nonparties may join in this Protective Order and receive the benefits and be subject to the obligations thereof upon written notice:

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1. This Protective Order shall apply to all information, documents, testimony and things designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -ATTORNEY'S EYES ONLY by the parties, or nonparties, as provided in this

Protective Order. As used herein, "Confidential Information" means any information, documents, testimony and things so designated.

2. All Confidential Information is provided solely for the purpose of this litigation between the parties and may not be used for any other purpose, except by leave of court upon noticed motion with notice to all interested parties.

3. Each affidavit or portion thereof, each deposition transcript or portion thereof, each interrogatory answer or portion thereof, each document or portion thereof, each premise or thing or portion thereof, which is deemed by a party or by a nonparty producing same that discloses Confidential Information will be so identified and labeled as either CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY as follows:

a. A party or nonparty may designate material CONFIDENTIAL only if it, in concurrence with its counsel and in good faith, deems that a reasonable basis exists for limiting dissemination of the material under the standards of FRCP 26 and contains confidential and/or proprietary commercial information that is not generally available to the public.

b. A party or nonparty may designate material HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY if it, in concurrence with its counsel and in good faith, deems that disclosure of such material to another person or party would be injurious to the commercial interests of the designating entity under the standards of FRCP 26 and contains highly propriety technical or trade secret or business information so that the risk of improper use or disclosure to another party outweighs the right of that party to review such information.

c. In the case of information voluntarily disclosed in these proceedings or disclosed as a result of discovery, the producing party or nonparty will identify and mark Confidential information at the time of disclosure.

d. In the case of a deposition, any party or nonparty may orally designate at the deposition any portion of the testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY subject to the terms of paragraphs 3(a) and 3(b) above. Further, any party or nonparty may further designate any portion of the deposition transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY within 15 days after receipt of the transcript. The party or nonparty making such additional designation shall advise opposing counsel and the Court Reporter of the additional designation by letter making reference to the specific pages and exhibits to be so designated. The Court Reporter shall then conform all materials in his or her possession to reflect such confidentiality designation and bind (or re-bind if necessary) separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or HIGHLY CONFIDENTIAL PURSUANT TO COURT ORDER - ATTORNEY'S EYES ONLY, as appropriate.

4. Inadvertent failure to designate Confidential Information as such prior to disclosure, production or response will not prevent a subsequent confidentiality designation by letter promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the receiving party prior to receipt of the letter shall not be a violation of this Protective Order, nor shall the receiving party incur liability for use or disclosure of the information prior to the receipt of such letter.

5. Unless and until the Court rules that any material so identified as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY is not, in fact, worthy of treatment as such and should be disclosed beyond the

limits permitted by this Protective Order, access, copying or dissemination of information, documents and things so identified shall be limited to:

a. Outside Counsel of Record and their partners, associates, and their employees (including stenographic, clerical and paralegal employees), and outside copy services whose functions require access to such Confidential Information and who agree in writing to be bound by the terms of this Protective Order;

b. Independent experts or consultants for a party, and their clerical employees who are not and were not employees of, or related in any way to, the parties or their affiliates, and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with the action. However, at least ten (10) days prior to the disclosure of Confidential Information under this paragraph: (1) such persons must be identified in writing to each party[1] in the action; (2) the resume of the expert or consultant shall be provided to each party in the action; and (3) the expert or consultant executes Exhibit A; and (4) a copy of Exhibit A is provided to each party in the action. If any party objects to the disclosure of such information to said expert or consultant, that party must serve a written objection within 10 days after receipt of all of the information set forth herein. No disclosure of Confidential Information shall occur until all objections are resolved by the parties or by court order, including any appeal of such order.

c. Persons appearing for deposition provided that such persons: (1) authored or received such Confidential Information; (2) are established as being knowledgeable of the contents of such Confidential Information prior to the time of his or her testimony; or (3) are a current or former employee of the party (or non-party) that produced the Confidential Information (subject to the right of the

producing party to object and move for a protective order prior to the deponent being given access to such Confidential Information).

d. The Court and its officers (including court reporters);

e. A representative of each party to this action under the same conditions as set forth in paragraph 5(b), except for documents marked by the producing party as HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY; and

f. Any other person that the parties hereto agree to in writing.

6. To the extent Confidential Information is included in any pleading, paper, or other document filed with the Court, the party filing such Confidential Information shall lodge such information under seal and, concurrently therewith, file an Application to file such papers – or the portion containing the Confidential Information – under seal.

7. This Protective Order shall not foreclose any of the parties from moving this Court for an order that designated materials are not within the scope of protection afforded by FRCP Rule 26 or that Confidential Information designated as HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY should be reclassified as CONFIDENTIAL. Further:

a. A party does not waive its right to challenge a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY by electing not to mount a challenge immediately after the original designation is made;

b. A party that elects to initiate a challenge as to confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the party, or nonparty, making such designation; and

---

[1] If a nonparties' Confidential Information is involved, that nonparty shall also be notified and all of the provisions of this paragraph that apply to parties shall apply to nonparties as well.

c. A party that elects to challenge a confidentiality designation shall do so upon noticed motion in accordance with applicable law and local rules. The party seeking to uphold the confidentiality designation bears the burden of proof and sanctions may be issued at the Court's discretion for any designation made in bad faith or for any motion made in bad faith.

8. This Protective Order shall not prevent any party or nonparty from applying to the Court for relief herefrom or for further and/or additional protective orders, and/or from agreeing between themselves to modification of this Protective Order.

9. Subject to the limitations of this Protective Order, Confidential Information identified in accordance with paragraph 3 hereto may be used during discovery, in connection with any motion, at the trial and/or appeal of this action, and for any other purpose as this Court may allow after notice to all parties.

10. In the event that a party desires to provide access to Confidential Information hereunder to any person or category of persons not included above, the party desiring to provide access shall move this Court for an order that such person or category of persons may be given access to the Confidential Information under such terms and conditions as the party shall designate in its motion papers. In the event that the motion is granted, such person or category of persons may have access to the Confidential Information provided that such person or persons have first agreed in writing to be bound by the terms of this Protective Order and have signed a copy of Exhibit "A" hereto.

11. Within ninety (90) days after final termination of this case, receiving counsel shall return all copies and samples of Confidential Information in its possession, custody or control to counsel for the party who has provided them or certify destruction thereof. However, a party is not required to destroy deposition

transcripts or pleadings containing confidential information provided that it continues to abide by the terms of this Protective Order.

12. No copy of any deposition transcript or any portion thereof designated as Confidential Information shall be prepared or furnished by the reporter to any person other than to attorneys of record for the parties. Neither the original nor any copy of any transcript of any deposition taken in this action shall be filed in Court until the time period has elapsed for the designation of portions of the transcript as Confidential Information, unless the transcript and all papers referencing the transcript are filed under seal.

13. In the event that a party or nonparty to which Confidential Information has been disclosed receives a discovery request, subpoena, order or other form of compulsory process requiring that it (the "subpoenaed party") produce information, documents, things or other materials that have been designated as Confidential Information, the subpoenaed party shall promptly notify the designating party of the demand. If the designating party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the materials provided, however, the designating party shall bear all expenses, including attorneys' fees, incurred by the subpoenaed party in connection therewith.

14. This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all of the proceedings herein and the Court will retain jurisdiction to enforce its terms and to ensure compliance herewith.

15. This Protective Order has no effect upon, and shall not apply to, a party’s use or disclosure of its own Confidential Information for any purpose. Also, nothing contained herein shall impose any restrictions on the use or

disclosure by the Receiving Party of information that: (a) was already known to such party by lawful means prior to its disclosure by the Designating Party in this action; (b) is or becomes publicly known through no fault of the Receiving Party; or (c) is rightfully received by the Receiving Party from a third party which has authority to provide such information and who is without restriction on the use or disclosure of such information.

Respectfully submitted,

FISH & ASSOCIATES, PC

Dated: July 17, 2009 By: /s/ Andrew Mar

Robert D. Fish, Esq.
Mei Tsang, Esq.
Andrew Mar, Esq.

Attorneys for Attorneys for Plaintiff and Counter-Defendant Cyberiansoft and Cross-Defendant Paul Maximov

GORDON & REES LLP

Dated: July 17, 2009 By: /s/ Ana Cláudia Guedes

Brian M. Ledger
Ana Cláudia Guedes

Attorneys for Defendant/Cross-Complainant THE M.M. PRIMAS GROUP, INC.

**IT IS SO ORDERED:**

DATED: July 27, 2009

MARC L. GOLDMAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

I, ______________________________, state that:

1. My address is ______________________________.

2. My present employer is ______________________________.

3. My present occupation or job description is ______________________________.

4. My past and present business relationships with the party retaining my services are: ______________________________________________________________.

5. A copy of my curriculum vitae is attached hereto (if applicable).

6. I have received a copy of the Protective Order in this action signed by the United States District Judge.

7. I have read and understand all of the provisions of the Protective Order.

8. I will hold in confidence and will not disclose to anyone not qualified under the Protective Order and will not use any materials designated **CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY** which are disclosed to me except as permitted by that Order.

9. Having read the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.

10. I agree to return all **CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY** materials which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained. I will do this immediately upon receiving a request from the counsel for the party for whom I was employed or retained or, in any event, by no later than thirty days after litigation between the parties has ended.

11. I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Protective Order.

DATED: __________ (Signature)_________________________